SAMUEL & STEIN
David Stein (DS 2119)
38 West 32nd Street, Suite 1110
New York, NY 10001
(212) 563-9884
dstein@samuelandstein.com

Law Offices of Vincent S. Wong
Vincent S. Wong (VW 9016)
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
vswlaw@gmail.com

Attorneys for Plaintiffs, Individually and on behalf of all others similarly situated

| | |
|---|---|
| Hai Zhong Chen and Wei Dong Cao, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>- vs. -<br><br>Alin Sushi Inc., Rafael Nazariodefigueroa, and "John" Lin, and John Does #1-10,<br><br>Defendants. | DOCKET NO. 16-cv-2527 (KPF)<br><br>**CERTIFICATION OF COUNSEL DAVID STEIN IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT** |

I am the attorney for plaintiffs Hai Zhong Chen and Wei Dong Cao in the above-entitled matter and am actually entrusted with the handling of this action, and I make this certification in support of plaintiffs' request for default judgment.

1. I am an attorney admitted to practice law within the courts of the State of New York, including within the United States District Court for the Southern District of New York.  I am a partner in the law firm Samuel & Stein, co-counsel to plaintiffs Hai Zhong Chen and Wei Dong Cao in this action.
2. I submit this certification in support of plaintiffs' motion for a default judgment against defendants Alin Sushi Inc., Rafael Nazariodefigueroa, and "John" Lin.

SUMMONS, COMPLAINT, SERVICE

3. Plaintiffs commenced this action on April 5, 2016, by filing the summons and complaint with the District Court. A true and accurate copy of the Complaint is attached as Exhibit "A".
4. The complaint asserted claims under the Fair Labor Standards Act for violations of the statutory provisions regarding minimum wage and overtime (as well as parallel claims under New York Labor Law) and additionally asserts claims for "spread of hours" pay under New York Labor Law; it also asserts a claim for failure to provide proper wage notices under New York's Wage Theft Prevention Act.  The applicable statutes are cited in the complaint.  (The complaint also asserts a cause of action for defendants' failure

to reimburse plaintiffs' for their expenditures for "tools of the trade"; however, because plaintiffs have not located any records to evidence their damages, and because it represents such a small portion of their overall damages, plaintiffs have elected not to pursue that claim at this time.)

5. The complaint seeks compensatory and liquidated damages for these violations, as well as pre- and post-judgment interest, costs, and attorneys' fees.

6. Defendant Alin Sushi Inc. was served with the summons and complaint in this matter on April 22, 2016, by leaving the documents at its principal place of business, 55-59 Chrystie Street, New York, New York with a general agent of the corporation, as per the Affidavit of Service that was filed with the District Court on May 4, 2016.

7. Defendant Rafael Nazariodefigueroa was served with the summons and complaint in this matter on April 22, 2016 by delivery to a person of suitable age and discretion, at his actual place of business at 55-59 Chrystie Street, New York, New York and mailing it to Mr. Nazariodefiguera at his actual place of business on April 25, 2016, as per the Affidavit of Service that was filed with the District Court on May 4, 2016.

8. Defendant "John" Lin was served with the summons and complaint in this matter on July 19, 2014, by delivery to a person of suitable age and discretion, at his actual place of business at 55-59 Chrystie Street, New York, New York and mailing it to Mr. Lin at his actual place of business on April 25, 2016, as per the Affidavit of Service that was filed with the District Court on May 4, 2016. (Copies of all three filed Affidavits of Service are attached hereto as Exhibit "B".)

9. Defendants have failed to plead or otherwise answer or respond within the time specified by the Federal Rules of Civil Procedure.

10. On June 1, 2016, the clerk of court entered default against each of the defendants in this case; those defaults are docketed at Docket Entries 16 - 18 and are attached hereto as Exhibit "C".

<u>ENTITLEMENT TO DEFAULT</u>

11. Given the failure of defendants Alin Sushi Inc., Rafael Nazariodefigueroa, and "John" Lin to answer the Complaint by May 12, 2016 (or at any time thereafter), a default judgment should be entered against these defendants. Rule 55(a) of the Fed. R. of Civ. P. provides, "When a party against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(b) provides that the Court may then enter a default judgment; Local Civ. R. 55.2 states that the party seeking the default judgment must submit "(1) the clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment."

12. Dispositions of motions for default judgment are left to the sound discretion of the district court. *Shah v. New York State Department of Civil Service,* 168 F.3d 610, 615 (2d Cir. 1999). In civil cases, where a party fails to respond, after notice the court is ordinarily justified in entering a judgment against the defaulting party. *See* Fed. R. Civ. P. 55(b)(2); *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984).

13. Defendants Alin Sushi Inc., Rafael Nazariodefigueroa, and "John" Lin, having failed to answer, move, or otherwise appear, after having been served, are in default.

14. Moreover, because defendants Alin Sushi Inc., Rafael Nazariodefigueroa, and "John" Lin have, by defaulting, failed to proffer any defense, they are

deemed to have admitted liability, but the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation. *Flaks v. Koegel*, 504 F.2d 702 (2d. Cir. 1974), *citing Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69-70 (2d Cir. 1971), *rev'd on other grounds*, 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973).

15. Thus, plaintiffs' allegations regarding their employment with defendants and their pay and work schedules are deemed admitted, as are their allegations regarding defendants' failure to provide them with paystubs and wage notices required by New York law.

16. An employer under the FLSA is defined as someone "who acts in the interest of an employer in relation to the employee." 29 U.S.C. § 203(d). "The Supreme Court has emphasized the expansiveness of the FLSA's definition of employer." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). The definition of an employer for purposes of New York Labor Law is "similarly expansive," and courts have used the same test to determine whether a person or entity qualifies as an employer under both federal and

6

state law. *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 342, 342 n.25 (S.D.N.Y. 2005); see also N.Y. Lab. Law § 651(6) (also defining "employer" as an entity "acting as employer").

17. Under both the Fair Labor Standards Act and New York Labor Law, an employer must pay at a rate at least equal to the statutorily defined minimum wage. 29 U.S.C. § 206(a)(1). NYLL § 652. During all relevant time periods, the federal minimum wage was $7.25 per hour. The minimum wage pursuant to New York law was $8.75 per hour up until December 31, 2015, and $9.00 per hour thereafter. Plaintiffs' effective wage rates were each just $5.22 per hour ($300.00 per week / 57½ hours per week).

18. Although plaintiffs received tips, defendants are not entitled to take advantage of the lower tipped minimum wage. The FLSA permits an employer – even one that pays the required $2.13 tipped minimum wage – to avail itself of the tip credit only if certain prerequisites have been satisfied. 29 U.S.C. § 203(m); *Chung v. New Silver Palace Restaurant*, 246 F. Supp. 2d 220, 228-29 (S.D.N.Y. 2002) (tip credit prerequisites should be "strictly construed, and must be satisfied even if the employee received tips at least equivalent

7

to the minimum wage") (Hellerstein, J.); *Heng Chan v. Triple 8 Palace, Inc.*, 2006 U.S. Dist. LEXIS 15780 (S.D.N.Y. Mar. 31, 2006) (Lynch, J.) at *8-9 (same).

19. Even an otherwise-eligible employer is entitled to the tip credit only if the employer has informed the employee of the statutory requirements related to tip credits. 29 U.S.C. § 203(m); 29 C.F.R. § 531.59(b); *New Silver Palace*, 246 F. Supp. 2d at 228 (S.D.N.Y. 2002); *Triple 8 Palace*, 2006 U.S. Dist. LEXIS 15780 at *8-9. Here, it is undisputed that plaintiffs' employer – defendants – never notified them of the statutory requirements related to tip credits. As such, they were required to pay her the full minimum wage.

20. Under New York law, in 2015, a service worker in the hospitality industry was required to receive a cash wage of at least $5.65 per hour, provided that the food service worker's tips, when added to the cash wage, equal at least the minimum wage of $8.75. 12 N.Y.C.R.R. § 146-1.3. In 2016, a service worker in the hospitality industry was required to receive a cash wage of at least $7.50 per hour, provided that the food service worker's tips, when added to the cash wage, equal at least $9.00. 12 N.Y.C.R.R. § 146-1.3.

That is, New York law permits an employer to take a tip credit, so long as the federal and state requirements are satisfied. N.Y. Lab. L. § 652(4). Although the New York Labor Law is structured and codified differently from the FLSA, its requirements are the same (except that state law prohibits employers from retaining any part of the employee's tips irrespective of whether the employer takes a tip credit). N.Y. Lab. L, § 196-d; *Triple 8 Palace*, 2006 U.S. Dist. LEXIS 15780 at *9 n.7. Moreover, a prerequisite for taking the tip credit is that "the employee has been notified of the tip credit as required in section 146-2.2 of this Part." 12 N.Y.C.R.R. § 146-1.3.

21. Plaintiffs never received sufficient money under the New York Labor Law, and were not provided with the proper notifications, and so defendants are not entitled to the benefit of the tip credit for their New York Labor Law claims, either.

22. Employers must pay employees at a rate of 1.5 times the employees' regular rate of pay for any hours worked over 40 hours in a work week. 29 U.S.C. § 207(a)(1). Like the FLSA, New York law requires employers to pay one and a half times an employee's

regular rate as overtime premium pay for all hours beyond 40 in a workweek. 12 N.Y.C.R.R. § 146-1.4. Although plaintiffs worked in excess of forty hours every week of their employment, defendants never met their obligation to pay them time-and-a-half for those overtime hours.

23. New York Department of Labor regulations require employers to pay employees "one hour's pay at the basic minimum hourly wage rate" for any day in which the "spread of hours" – the interval between the beginning and end of an employee's workday – exceeds ten hours. 12 N.Y.C.R.R. § 146-1.6. Although plaintiffs' schedules had them each working shifts lasting longer than ten hours five days per week, they never received any spread of hours premiums.

24. Under the FLSA, an employer who violates the minimum wage or overtime requirements is liable for the unpaid wages and an additional equal amount as liquidated damages. 29 U.S.C. §216(b). The employer may not be liable for liquidated damages if it demonstrates that its actions were in good faith and it had reasonable grounds for believing its actions or omissions did not violate FLSA. 29 U.S.C. § 260. The burden is on the employer, however, to avoid liability

for liquidated damages, and "double damages are the norm, single damages the exception." *Reich v. S. New Eng. Telecommc'ns Corp.*, 121 F.3d 58, 71 (2d Cir. 1997). In order to utilize the good faith defense, "an employer must show that it took 'active steps to ascertain the dictates of the FLSA' and then act to comply with them." *Barfield v. New York City Health and Hospitals Corp.*, 537 F.3d 132 (2nd Cir. 2008)(citing *Herman v. RSR Sec. Services*, 172 F.3d 132, 142)(2nd Cir. 2009).

25. New York Labor Law in effect during plaintiffs' employment with defendants also allowed a worker to recover 100% liquidated damages for violations of the labor laws "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law," matching the placement of the burden of proof under federal law. N.Y. Lab. Law §§ 198(1-a); 663(1).

26. New York Labor Law § 195(1) requires an employer to "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, within ten days of the date of hiring, a notice containing certain information, including "the rate or

rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; […] the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer…"

27. Additionally, New York Labor Law § 195(3) requires that an employer "furnish each employee with a statement with every payment of wages," including such information as "the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions"; for non-exempt employees, the wage statement must also include regular and overtime rates of pay and the number of regular and overtime hours worked.

28. As codified in New York Labor Law § 198, the Wage Theft Prevention Act provides for penalties for failure to provide the aforementioned notices. Specifically, with respect to failure to provide the hiring notice, employees "may recover in a civil action damages of fifty dollars for each work day that

12

the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." N.Y. Lab. Law § 198(1-b). Additionally, with respect to failure to provide the weekly wage statement, employees "shall recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." N.Y. Lab. Law § 198(1-d).

29. Plaintiffs never received any of the aforementioned notices – not when they were hired, not when they were paid, and not at any time thereafter.

## DAMAGES

30. Plaintiffs worked regular schedules during their employment, and thus are able to rely on theirrecollection to reconstruct the hours that they worked and the money that they were paid. Although it is possible that defendants might have maintained accurate records of their wages and hours worked, they did not supply any such records to plaintiffs at any point, and because defendants have defaulted such documents are not part of the record in this case. In

the absence of such documents, plaintiffs are entitled to rely upon their own testimony, and the reasonable inferences drawn therefrom, to reconstruct their approximate hours and wages. *Anderson v. Mr. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946) ("If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate"); *Reich v. Southern New England Telecomms. Corp.*, 121 F.3d 58, 66, 69 (2d Cir.1995) (same); see also N.Y. Lab. L. § 196-a (where an employer fails to keep adequate records, "the employer in violation shall bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements").

31. Plaintiffs were paid less than the minimum wage, and defendants failed to pay them overtime. They did not receive "spread of hours" premiums, and they never received required wage notices. Their declarations providing the supporting facts are attached as Exhibits "D" and "E".

32. In addition, attached as Exhibit "F" and "G" are a series of spreadsheets showing the calculations explaining the amounts of money owed to plaintiffs – $50,466.50 – as set forth below.

33. Defendants owe to Mr. Chen the amount of $3,582.50 for failure to pay her the minimum wage, plus an additional $3,582.50 in liquidated damages for same. Defendants likewise owe to Mr. Cao the amount of $3,582.50 for failure to pay her the minimum wage, plus an additional $3,582.50 in liquidated damages for same. These figures represent the difference between the $8.75/hour or $9.00/hour statutory minimum wage and the $5.22/hour wage they were receiving throughout their employment.

34. In addition, defendants owe to Mr. Chen $1,321.25 for failure to pay him overtime, plus an additional $1,321.25 in liquidated damages for same. Defendants likewise owe to Mr. Cao $1,321.25 for failure to pay him overtime, plus an additional $1,321.25 in liquidated damages for same. These figures represent the time-and-a-half overtime premium rate (based on the minimum wage) owed for all hours in excess of forty worked in a week.

35. Defendants also owe Mr. Chen $755.00 for failure to pay the "spread of hours" premium for each day in which he worked a shift lasting in excess of ten hours between commencement and termination, plus an additional $755.00 in liquidated damages for same

pursuant to New York Labor Law. Defendants likewise owe to Mr. Cao $755.00 for failure to pay the "spread of hours" premium for each day in which he worked a shift lasting in excess of ten hours between commencement and termination, plus an additional $755.00 in liquidated damages for same pursuant to New York Labor Law.

36. Finally, defendants owe each plaintiff $5,000 for failure to provide them with the weekly wage statements required by the Wage Theft Prevention Act, and an additional $5,000 for failure to provide them with the hiring notices required by the Wage Theft Prevention Act.

37. Thus, defendants owe to Mr. Chen the sum of $21,317.50, and to Mr. Cao, likewise, the sum of $21,317.50.

38. In addition to the above damages sustained by plaintiffs, they are entitled by statute to attorneys' fees and costs.

39. I am a founding partner of Samuel & Stein, I have been practicing law since 1990, have been admitted in the state of New York since 2000, and I have been focusing my practice almost exclusively on wage-and-hour cases since 2008, serving as counsel of record in

more than 350 such cases. In addition to being admitted in the Southern and Eastern Districts of New York, the District of New Jersey, and the Eastern District of Michigan, I am admitted to practice in Illinois, Pennsylvania, New Jersey, and the District of Columbia.

40. My senior associate, David Nieporent, has been practicing law since 2001 and has been admitted to practice in the state of New York since 2011. Since 2008, his practice has consisted primarily of wage-and-hour litigation, and he has second chaired several wage and hour trials in federal court. He is also admitted to practice in the state of New Jersey, as well as having been admitted to practice in the Southern and Eastern Districts of New York, the District of New Jersey, and the Eastern District of Michigan.

41. My co-counsel, Vincent Wong, has practiced law since 1996, and has been admitted in New York since 1997.

42. My regular hourly rate for matters such as these is $400, and that of my senior associate, David Nieporent, is $325; I believe these hourly rates to be commensurate with other practitioners with a similar

amount of experience in my locality who represent clients in matters such as this. Similarly, Vincent Wong's hourly rate is $400, and Joe Chen, a Chinese-speaking paralegal, is billed out at $125.

43. Annexed to this certification as Exhibit "H" are records detailing attorneys' fees and costs incurred by plaintiffs in connection with this matter, through the date this order to show cause was originally filed.

44. The total amount of these fees and costs incurred in litigating this matter is $7,831.50.

45. The total amount of the judgment requested, therefore, is $50,466.50.

46. For the above reasons, plaintiffs respectfully request that the District Court enter a judgment in the proposed form included herewith; in the alternative, plaintiffs respectfully request that the District Court hold an inquest on damages.

47. I certify that the above statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: September 26, 2016

_____
David Stein