# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

**LAW OFFICES OF VINCENT S. WONG**
Vincent S. Wong (VW 9016)
39 East Broadway, Suite 306
New York, NY 10002
(212) 349-6099
vswlaw@gmail.com

Attorneys for Plaintiffs, Individually and on behalf of all others similarly situated

| | |
|---|---|
| Hai Zhong Chen and Wei Dong Cao, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>- vs. -<br><br>Alin Sushi Inc., Rafael Nazariodefigueroa, "John" Lin, and John Does #1-10,<br><br>Defendants. | DOCKET NO. 16-cv-2527<br><br>**COMPLAINT** |

Plaintiffs Hai Zhong Chen and Wei Dong Cao, by and through their undersigned attorneys, for their complaint against defendants Alin Sushi Inc., Rafael Nazariodefigueroa, "John" Lin, and John Does #1-10, allege

as follows, on behalf of themselves and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1. Plaintiffs Hai Zhong Chen and Wei Dong Cao allege on behalf of themselves and on behalf of other similarly situated current and former employees of defendants Alin Sushi Inc., Rafael Nazariodefigueroa, "John" Lin and John Does #1-10, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2. Mr. Chen and Mr. Cao further complain that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage, (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations, (iii) compensation for defendants' violations of the "spread of hours" requirements of New

York Labor Law, (iv) compensation for defendants' violation of the Wage Theft Prevention Act, (v) compensation for unlawful deductions consisting of defendants' failure to reimburse them for their "tools of the trade," and (vi) liquidated damages pursuant to New York Labor Law for these violations.

**THE PARTIES**

3. Plaintiffs Mr. Chen and Mr. Cao are adult individuals residing in New York, New York.

4. Mr. Chen and Mr. Cao consent in writing to be parties to this action pursuant to 29 U.S.C. § 216(b); their written consents are attached hereto and incorporated by reference.

5. Upon information and belief, defendant Alin Sushi Inc. is a New York corporation with a principal place of business at 55-59 Chrystie Street, New York, New York.

6. At all relevant times, defendant Alin Sushi has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7. Upon information and belief, at all relevant times, defendant Alin Sushi has had gross revenues in excess of $500,000.00, or the pro-rated equivalent.

8. Upon information and belief, at all relevant times herein, defendant Alin Sushi has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

9. Upon information and belief, at all relevant times, defendant Alin Sushi has constituted an "enterprise" as defined in the FLSA.

10. Upon information and belief, defendant Rafael Nazariodefigueroa is an owner or part owner and principal of Alin Sushi, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

11. Defendant Rafael Nazariodefigueroa was involved in the day-to-day operations of Alin Sushi and played an active role in managing the business.

12. Upon information and belief, defendant "John" Lin – an individual whose first name is unknown – is a principal of Alin Sushi, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

13. Defendant "John" Lin was involved in the day-to-day operations of Alin Sushi and played an active role in managing the business.

14. Upon information and belief, defendants John Does #1-10 represent the other owners, officers, directors, members, and/or managing agents of the defendants, whose identities are unknown at this time, who participated in defendants' day-to-day operations, who have the power to hire and fire employees, set wages and schedules, and retain their records, and who constitute "employers" pursuant to the FLSA, New York Labor Law, and federal and state implementing regulations.

15. Defendants constituted "employers" of plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

**JURISDICTION AND VENUE**

16. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

**COLLECTIVE ACTION ALLEGATIONS**

18. Pursuant to 29 U.S.C. § 206 and § 207, plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by defendants in the United States at any time since March 22, 2013, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid statutory minimum wages and/or overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

19. The Collective Action Members are similarly situated to plaintiffs in that they were employed by defendants as non-exempt restaurant workers, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

20. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

21. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

**FACTS**

22. At all relevant times herein, defendants owned and operated a sushi restaurant in New York.

23. Mr. Chen was employed by defendants from approximately November 2015 through March 2016.

24. Mr. Cao was employed by defendants from roughly November 2015 through March 2016.

25. Plaintiffs were employed as delivery people.

26. Plaintiffs' work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

27. At all relevant times herein, plaintiffs were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

28. Mr. Chen's regular schedule was six days per week, every day except Wednesday. Five days he worked shifts lasting between 10½ and 12 hours per day, and the sixth day he worked a half-day shift of 6 hours.

29. As a result, and accounting for meal breaks that he usually received, Mr. Chen worked roughly 57½ hours per week each week of his employment with defendants.

30. Mr. Cao also had a regular schedule of six days per week, with his day off being Tuesday. Five days he worked shifts lasting between 11 and 12 hours per day, and the sixth day he worked a half-day shift of 7 hours.

31. As a result, and accounting for meal breaks that he usually received, Mr. Cao also worked roughly 57½ hours per week each week of his employment with defendants.

32. Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

33. Plaintiffs were paid fixed salaries of $1,300 per month, with their pay not varying regardless of the precise number of hours that they worked each month.

34. As a result, each plaintiff's effective rate of pay was always below the statutory federal and state minimum wages in effect at relevant times.

35. In addition to their pay, plaintiffs generally received tips for their work.

36. However, defendants never provided plaintiffs with any notices regarding the "tip credit" and had no agreement in place with them regarding a tip credit.

37. Upon information and belief, defendants did not keep accurate records of the tips received by plaintiffs.

38. Defendants' failure to pay plaintiffs an amount at least equal to the federal or New York state minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

39. Mr. Chen was paid by check for most of his employment, and cash part of the time.

40. Mr. Cao was paid cash throughout his employment.

41. Plaintiffs received no paystubs or wage statements with their pay; the checks that Mr. Chen received for his pay were business checks rather than payroll checks.

42. In addition, defendants failed to pay plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

43. Defendants' failure to pay plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

44. Plaintiffs worked five shifts per week that lasted in excess of ten hours from start to finish, yet defendants willfully failed to pay them one additional

hour's pay at the minimum wage for each such day they worked shifts lasting longer than ten hours, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

45. Defendants failed to provide plaintiffs with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain their signatures acknowledging the same, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

46. Defendants failed to provide plaintiffs with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

47. In addition, plaintiffs were required to supply their own vehicles – electric mopeds – for the purpose of making deliveries.

48. However, although plaintiffs incurred expenses for operating these mopeds, defendants never reimbursed plaintiffs for those expenses.

49. Upon information and belief, throughout the period of plaintiffs' employment, both before that time (throughout the Collective Action Period) and continuing

until today, defendants have likewise employed other individuals like plaintiffs (the Collective Action Members) in positions at defendants' restaurant that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

50. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them (1) the minimum wage, or (2) overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

51. Upon information and belief, these other individuals were not paid a "spread of hours" premium on days when they worked shifts lasting in excess of ten hours from start to finish.

52. Defendants violated the frequency of pay requirements of New York Labor Law § 191 by paying plaintiffs and these other individuals monthly.

53. Defendants' policy of paying plaintiffs and these other individuals on a monthly basis rather than on an hourly basis violated 12 N.Y.C.R.R. § 146-2.5.

54. Upon information and belief, these other individuals also incurred expenses for their "tools of the trade" that were not reimbursed by defendants.

55. Upon information and belief, these other individuals were not provided with required wage notices or accurate weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

56. Upon information and belief, while defendants employed plaintiffs and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees, and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

**COUNT I**

**(Fair Labor Standards Act – Minimum Wage)**

57. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

58. At all relevant times, defendants employed plaintiffs and the Collective Action Members within the meaning of the FLSA.

59. Defendants failed to pay a salary greater than the minimum wage to plaintiffs and the Collective Action Members for all hours worked.

60. As a result of defendants' willful failure to compensate plaintiffs and the Collective Action Members at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

61. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

62. Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**(New York Labor Law – Minimum Wage)**

63. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

64. At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

65. Defendants willfully violated plaintiffs' rights by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

66. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

67. Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT III**

**(Fair Labor Standards Act - Overtime)**

68. Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

69. At all relevant times, defendants employed plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

70. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

71. As a result of defendants' willful failure to compensate their employees, including plaintiffs and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

72. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

73. Due to defendants' FLSA violations, plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT IV**

**(New York Labor Law - Overtime)**

74. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

75. At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

76. Defendants willfully violated plaintiffs' rights by failing to pay them overtime compensation at rates not less than one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

77. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

78. Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT V**

**(New York Labor Law – Spread of Hours)**

79. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

80. At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

81. Defendants willfully violated plaintiffs' rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked more than ten hours, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 146-1.6.

82. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

83. Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT VI**

**(New York Labor Law – Unlawful deductions)**

84. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

85. At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

86. Plaintiffs were required to incur various expenses on behalf of defendants in the course of their employment.

87. Defendants failed to reimburse plaintiffs for these expenses.

88. These failures to reimburse plaintiffs constitute *de facto* deductions from wages.

89. These *de facto* deductions were not for the benefit of plaintiffs and are not among the legitimate deductions authorized by New York Labor Law § 193.

90. Moreover, these unreimbursed expenses brought plaintiffs' wages below the minimum wage, in violation of 12 N.Y.C.R.R. § 146-2.7(c).

91. As a result, defendants have violated New York Labor Law.

92. These violations were willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

93. Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants compensation for these unreimbursed expenses, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action.

**COUNT VII**

**(New York Labor Law – Wage Theft Prevention Act)**

94. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

95. At all relevant times, plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

96. Defendants willfully violated plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

97. Defendants willfully violated plaintiffs' rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

98. Due to defendants' New York Labor Law violations relating to the failure to provide paystubs, plaintiffs are entitled to recover from the defendants statutory damages of $250 per day through the end of their employment, up to the maximum statutory damages.

99. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, plaintiffs are entitled to recover from the defendants statutory damages of $50 per day through the end of their employment, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiffs and

their counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

f. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage and overtime compensation pursuant to 29 U.S.C. § 216;

g. Compensatory damages for failure to pay the “spread of hours” premiums required by New York Labor Law;

h. Compensation for monies deducted from plaintiffs’ pay via unreimbursed expenses in violation of New York Labor Law;

i. Liquidated damages for defendants’ New York Labor Law violations;

j. Statutory damages for defendants’ violation of the New York Wage Theft Prevention Act;

k. Back pay;

l. Punitive damages;

m. An award of prejudgment and postjudgment interest;

n. An award of costs and expenses of this action together with reasonable attorneys’ and expert fees; and

o. Such other, further, and different relief as this Court deems just and proper.

Dated: March 22, 2016

_____________________________
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiffs

# EXHIBIT A

## CONSENT TO JOIN FORM

## CONSENT TO SUE UNDER FEDERAL FAIR AND LABOR STANDARDS ACT (FLSA)

I am an employee currently or formerly employed by Alin Sushi Inc. ____________ and/or related entities/individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Retainer Agreement signed by the named plaintiff in this case:

To opt into this collective action, fill out this form and mail, fax, or e-mail it to:
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
Fax: 212-349-6599
vswlaw@gmail.com

Hai zhong chen
Full Legal Name (Print)

Hai zhong chen
Signature

3/17/2016
Date

**Further Information Regarding The Consent To Join Form**

Please fill out this sheet of information, so that I, your attorney, may reach you in the future to provide updates regarding the progression of the lawsuit, and so that we can give you your share of any money that is recovered (if any) from the defendant on your behalf.

## CONSENT TO JOIN FORM

## CONSENT TO SUE UNDER FEDERAL FAIR AND LABOR STANDARDS ACT (FLSA)

I am an employee currently or formerly employed by Alin Sushi Inc. ____________ and/or related entities/individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Retainer Agreement signed by the named plaintiff in this case:

To opt into this collective action, fill out this form and mail, fax, or e-mail it to:
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
Fax: 212-349-6599
vswlaw@gmail.com

CAO WEI DONG
Full Legal Name (Print)

[signature]
Signature

3/17/16
Date

**Further Information Regarding The Consent To Join Form**

Please fill out this sheet of information, so that I, your attorney, may reach you in the future to provide updates regarding the progression of the lawsuit, and so that we can give you your share of any money that is recovered (if any) from the defendant on your behalf.

Name: Wei Dong Cao

Street Address: 239 W 103RD St. Apt 3A

City, State, and ZIP: New York, NY 10025

Telephone Number(s): (Home): 646-423-7630

(Work): ______________________

(Cell): 646-423-7630

E-Mail Address(es): ______________________

______________________

**Additional Information:**

- It is illegal for any employer to retaliate against an individual for exercising his or her rights (such as by participating in this lawsuit, signing or submitting this document, or talking to attorneys about his or her rights to full compensation for work performed).
- If you have any questions, please contact Vincent Wong of the Law Offices of Vincent S Wong at vswlaw@gmail.com or 212-349-6099.